IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PEDRO ARIAS,

    Petitioner,

vs.

WARDEN, San Quentin State Prison

    Respondent.
_____/

No. CIV S-99-0627 WBS DAD

DEATH PENALTY CASE

ORDER

    On November 10, 2011, the undersigned held a status conference in the above-entitled action. Timothy Brosnan, Esq. and Peter Giannini, Esq. appeared by telephone for petitioner. Deputy Attorney General Sean McCoy appeared for respondent. After considering the briefs and hearing the arguments of counsel regarding scheduling and the effect of Cullen v. Pinholster, ___ U.S. ___, 131 S. Ct. 1388 (2011) on these proceedings, the court proposes the following sequence to address upcoming issues in this action:

    (1) The court will defer ruling on procedural default issues. See Lambrix v. Singletary, 520 U.S. 518, 525 (1997) (A district court may address the merits without reaching procedural issues where the interests of judicial economy are best served by doing so.); Franklin . Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002) ("Procedural bar issues are not infrequently

1

ore complex than the merits issues presented by the appeal, so it may well make sense in some instances to proceed to the merits if the result will be the same.").

(2) With respect to any exhaustion defenses raised in the answer, the parties shall meet and confer, as set forth below, to determine whether they have been resolved or whether they should be resolved at this time.

(3) To the extent respondent seeks in the answer reconsideration of the court's prior rulings on equitable tolling of the statute of limitations, the court finds that respondent has not at this time borne his burden of showing new facts or law require reconsideration of those prior rulings. See Local Rule 230(j).

(4) The court will order the parties to file memoranda of points and authorities regarding the application of 28 U.S.C. § 2254(d) to each claim in the second amended petition.

(5) During the course of the § 2254(d) briefing, the court will not preclude the parties from moving for discovery.[1] The U.S. Supreme Court in the Pinholster decision did not mention discovery and specifically declined to preclude evidentiary hearings prior to a determination that § 2254(d) is satisfied. See 131 S. Ct. at 1411 n.20. Further, the precise nature of the changes, if any, in the federal courts' habeas practice were wrought by Pinholster and other recent decision of the Supreme Court have yet to be determined. Accordingly, "the Court concludes that its discretion is better exercised in not foreclosing at this stage the possibility of discovery." Conway v. Houk, No. 2:07-cv-947, 2011 WL 2119373, at *4 (S.D. Ohio May 26, 2011). See also Ervin v. Cullen, No. C 00-01228 CW, 2011 WL 4005389 (N.D. Cal. Sept. 8, 2011). That said, this court recognizes that Pinholster's limitation on the consideration of new

---

[1] At the status conference petitioner's counsel also mentioned the possibility of moving for an evidentiary hearing regarding the application of 28 U.S.C. § 2254(d). While the court is not clear how arguments regarding the application of § 2254(d) might require the development of new evidence, the court will not at this point bar petitioner's counsel from making such a motion. As should be obvious, however, any such motion for an evidentiary hearing must address and explain how the evidence sought can be considered by this court in light of the decision in Pinholster.

evidence in reviewing § 2254(d) may restrict, in the interests of judicial economy, factual development of petitioner's claims prior to satisfaction of § 2254(d). Therefore, in addition to the good cause showing required by Habeas Rule 6, a party seeking discovery in this action shall also explain the purpose the sought after discovery would serve at that point in these proceedings.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Before December 8, 2011, the parties shall meet and confer regarding: (a) any exhaustion defenses and, if necessary, dates for resolving any exhaustion issues; and (b) dates for the filing of memoranda of points and authorities regarding 28 U.S.C. § 2254(d) described above. By the close of business on December 8, the parties shall submit a joint statement proposing a schedule and/or describing their disagreements regarding future scheduling in this action.

2. On December 13, 2011 at 1:30 p.m. in courtroom #27, the undersigned will hold a scheduling conference. The parties may appear by telephone. If they wish to do so, they shall contact Courtroom Deputy Pete Buzo at least 48 hours prior to the conference at (916) 930-4128.

DATED: November 10, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

arias sch.or