1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PEDRO ARIAS,

11              Petitioner,                    No. CIV S-99-0627 WBS DAD

12        vs.                                  DEATH PENALTY CASE

13   WARDEN, San Quentin State
             Prison

14

15              Respondent.                    <u>ORDER</u>

16   _____/

17              As directed by the court, the parties have filed a Joint Status Conference

18   Statement addressing the issue of exhaustion.  (Dkt. Nos. 232, 247.)  The joint statement raises

19   only one narrow issue, upon which the court finds oral argument unnecessary.  Accordingly,

20   below the court will resolve that issue and vacate the June 21, 2012 status conference.

21              In the parties' joint statement, respondent indicates that he now disputes the

22   exhaustion status of claim 29 of petitioner's Second Amended Petition.  (Dkt. No. 247 at 2.)

23   Respondent argues that the introductory statement to claim 29 may render it unexhausted if the

24   inclusion of facts beyond those before the California Supreme Court on appeal is anticipated by

25   petitioner.  According to respondent, claim 29 was raised in the California Supreme Court only

26   on appeal.   Petitioner has responded, contending that respondent previously stipulated that claim

1

29 was properly exhausted.  A review of the history of exhaustion disputes in this case reveals that petitioner is correct and respondent may not, at this late date, assert the exhaustion defense with respect to claim 29.

In Claim 29 petitioner alleges that California's death penalty scheme fails to constitutionally narrow the class offenders eligible for the death penalty.  That precise claim was contained in petitioner's first federal petition.  (Dkt. No. 84 at 341-364.)  In 2001, respondent moved to dismiss that original federal petition on the grounds that a number of claims therein were unexhausted.  (Dkt. No. 109.)  Respondent specifically agreed with petitioner, however, that claim 29 was exhausted.  (Dkt. No. 109 at 6:8.)  In 2002, when this court issued findings and recommendations on respondent's motion to dismiss, it noted respondent's stipulation that claim 29 was exhausted.  (Dkt. No. 120 at 3.)  After resolution of the exhaustion disputes, this case was stayed and in March of 2003 petitioner filed his exhaustion petition in state court.  (Dkt. No. 127, 146.)  After the California Supreme Court denied the state exhaustion petition on September 17, 2008, petitioner filed the current Second Amended Petition.  (Dkt. No. 161.)  In the Answer to the Second Amended Petition, respondent conceded all claims were unexhausted except claim 29.  (Dkt. No. 178 at 238 n. 144.)

Respondent argues in the Answer and in the joint statement that petitioner's claim 29 is exhausted only to the extent it was raised on direct appeal.  In particular, respondent now expresses concern that the introductory statement in claim 29 - "Petitioner hereby incorporates by reference all of the facts and allegations previously set forth." - anticipates reliance on information outside the state appellate record.  (Dkt. No. 161 at 373.)  However, that introductory statement which respondent expresses concern about and, it appears, all of claim 29 are identical to claim 29 as it appeared in petitioner's original petition filed with this court.  (Compare Dkt. No. 84 at 341-364 with Dkt. No. 161 at 341-364.)  Respondent may not now challenge the exhaustion status of the very same claim he stipulated was exhausted ten years ago.  It is the case that the habeas statute requires that any waiver of the exhaustion defense be express.  28 U.S.C. § 2254(b)(3).

1  However, it is equally clear that respondent's stipulation was an express waiver of the exhaustion

2  defense with respect to claim 29.  See Sharrieff v. Cathel, 574 F.3d 225, 229 (3rd Cir. 2009)

3  (statement in answer that "it 'appears that [Sharrieff] has exhausted his state court remedy'"

4  "clearly, explicitly, and unambiguously" abandoned a non-exhaustion defense; "fact that the State

5  based its concession on a flawed legal conclusion is of no consequence"); Pike v Guarino, 492

6  F.3d 61, 72 (1st Cir. 2007) (state's written, unreserved concession that claim was exhausted was a

7  knowing and voluntary abandonment of exhaustion defense); Kerns v. Ault, 408 F.3d 447, 449 n.

8  3 (8th Cir. 2005) (state's statement in briefing that it conceded exhaustion in its motion to dismiss

9  amounts to an "affirmative waiver of exhaustion for purposes of 28 U.S.C. § 2254(b)(3)"); Dorsey

10  v. Chapman, 262 F.3d 1181, 1186-87 & n. 8 (11th Cir. 2001) (state explicitly waived exhaustion

11  defense when it "expressly declined to raise" it in the answer); Bledsue v. Johnson, 188 F.3d 250,

12  254 (5th Cir. 1999) (state's admission in answer that petitioner had "sufficiently exhausted his

13  state remedies" constituted a waiver of "any independent exhaustion argument").

14             Accordingly, IT IS HEREBY ORDERED as follows:

15             1.  Respondent has waived the exhaustion defense with respect to claim 29.

16             2.  In the Joint Statement, petitioner requests an extension of the August 10, 2012

17  deadline for the filing of his points and authorities regarding the application of 28 U.S.C. §

18  2254(d) to each claim in the Second Amended Petition.  Respondent has no objection to the

19  requested extension of time.  Petitioner has provided good cause for an extension of time, but has

20  not suggested a proposed a new due date for his brief.  As soon as possible but in any event prior

21  to August 10, 2012, petitioner shall propose a new filing date for his § 2254(d) brief.

22             3.  The June 21, 2012 Status Conference is vacated.

23  DATED: June 18, 2012.

24

25  _____
   DALE A. DROZD

26  arias exh claim 29.or                              UNITED STATES MAGISTRATE JUDGE